UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
SEP 15 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

IN RE: KENNETH WAYNE COOK,  )
MELISSA ANN COOK, DEBTORS  )
BANKRUPTCY NO. 03-51354  )
_____  )
                             )
J. JAMES ROGAN, TRUSTEE      )   Civil Action No. 05-2-KSF
                             )
        Plaintiff/Appellant, )
                             )
V.                           )
                             )   **OPINION AND ORDER**
BANK ONE, NATIONAL           )
ASSOCIATION                  )
                             )
        Defendant/Appellee.  )

\* \* \* \* \* \* \* \*

In this adversary action, the plaintiff/appellant James Rogan (the "Trustee") appeals from the November 19, 2004, Order of the United States Bankruptcy Court for the Eastern District of Kentucky, which granted summary judgment to the defendant/appellee Bank One National Association ("Bank One"), and denied the plaintiff's summary judgment motion. Having been fully briefed, this matter is ripe for review. For the reasons discussed herein, the Bankruptcy Court will be affirmed.

I.     **FACTUAL AND PROCEDURAL SUMMARY**

On December 29, 2000, NCS Mortgage Lending Company made a mortgage loan in the amount of $100,000 to the debtors, Kenneth and Melissa Cook. The Cooks executed a promissory note, and a mortgage on their home which was properly recorded with the Madison County Clerk. On January 4, 2001, NCS Mortgage assigned its interests in the note and

mortgage to First Greensboro Home Equity, Inc. A note and mortgage assignment was executed and recorded with the Madison County Clerk. On January 4, 2001, First Greensboro executed an Assignment of Note which did not indicate the name of the assignee. At that time, no mortgage assignment was filed.

On or about April 6, 2004, after the Cooks filed their petition in bankruptcy, an Assignment of Mortgage was filed with the Madison County Clerk, reflecting an assignment from First Greensboro to Lehman Brothers Bank. There are no other mortgage assignments of record.

Counsel for Bank One is in possession of the original note. Documents and affidavits submitted to the Court indicate that other parties possessed the note prior to Bank One's acquisition, but such parties have been served in this action and failed to appear or to assert any interest in such note and mortgage. The mortgage has not been released or otherwise satisfied.

This list of facts was contained in the Bankruptcy Court's Opinion and Order. That Court made several conclusions of law. First, the Court found that the Cooks' note is a negotiable instrument under KRS 355.3-104, and the note and its endorsements are self-authenticating evidence under FRE 902(9). The Court stated that the note was negotiated by special endorsement from NCS Mortgage to First Greensboro, and First Greensboro's Assignment constitutes an indorsement in blank, transforming the note into bearer paper. Pursuant to the UCC, bearer paper may be "negotiated by transfer of possession alone." KRS 355.3-205(2).

As possessor of the note payable to bearer, Bank One is a "holder" and under state law, prima facie entitled to enforce the note against the maker. KRS 355.1-201(20), 355.3-301. Under Kentucky law, an assignment of a note "necessarily carries with it an assignment of the indemnifying mortgage." Napier v. Duff, 36 S.W.2d 1083 (Ky. 1939). The mortgage in this

2

action was perfected by recording in the office of the Madison County Clerk. Any failure on the part of the assignee to record an assignment of the mortgage did not affect the perfection of the lien as against the mortgagors and those claiming through them.

The assignment of the mortgage between creditors was an assignment of property of the creditors; it did not involve property of the bankruptcy estate. Therefore, the transfer cannot be avoided and was not in violation of the automatic stay.

The Bankruptcy Court granted Bank One's motion for summary judgment and denied the Trustee's motion for summary judgment. The Appellant appeals both the granting of the summary judgment of Bank One and the denial of his motion for summary judgment.

## II.     STANDARD OF REVIEW

The District Court reviews *de novo* summary judgment issued by the bankruptcy court. Investors Credit Corporation v. Batie (In re Batie), 995 F.2d 85, 88-89 (6th Cir. 1993). This standard governs the Trustee's appeal of the summary judgment in favor of Bank One and the appeal of the Bankruptcy Court's denial of the Trustee's summary judgment motion.

## III.    THE BANKRUPTCY COURT DID NOT ERR AS A MATTER OF LAW IN GRANTING SUMMARY JUDGEMENT TO BANK ONE.

The Trustee argues that there is a genuine issue of material fact whether Bank One had physical possession of the December 29, 2000 note, and whether Bank One is entitled to enforce the promissory note and mortgage without a recorded assignment of the mortgage to Bank One. The Trustee contends that Bank One's failure to record an assignment of the mortgage results in a loss of perfection under state law and therefore entitles the Trustee, pursuant to his rights as a judicial lien creditor on the date of bankruptcy, to avoid the lien under bankruptcy law.

The Trustee claims that there is a genuine issue of material fact whether Bank One authorized Amanda P. Thompson as its agent. Thompson was employed by an insurance company to represent the interest of Bank One in the Cook bankruptcy. Subsequently, she was substituted as counsel for the Commonwealth Title Insurance Company. Thompson is named on the Bankruptcy Court's official record as counsel for Bank One in this adversary proceeding. In addition, she states in her affidavit that she is "employed to represent the interest of Bank One National Association" in this case. Kentucky law is clear that an attorney representing her client is an agent for that client. The relationship of attorney-client is generally that of principal and agent. Daugherty v. Runner, Ky.App., 581 S.W.2d 12, 16 (1978). Therefore, Thompson is an agent of Bank One and her possession of the promissory note during these proceedings is the equivalent of possession by her principal, Bank One.

Bank One asserts that the Trustee's claim that Bank One failed to perfect its assignment fails as a matter of law because applicable state law does not require the recordation of mortgage assignments. Furthermore, Bank One's physical possession, through their counsel, of the original promissory note, indorsed in blank, entitles it to enforce the mortgage, notwithstanding the lack of recorded assignment.

As the Bankruptcy Court stated, the promissory note is bearer paper, pursuant to KRS §355.3-205(2), and therefore payable to the bearer. Bank One, as the holder of the bearer paper, is entitled to enforce the note against the maker. "[A] purchaser of an instrument has priority over a security interest in the instrument perfected by a method other than possession if the purchaser gives value and takes possession of the instrument in good faith and without knowledge that the purchase violates the rights of the secured party." KRS § 355.9-330(4). With the sale of

4

a promissory note, the security interest is perfected upon attachment. KRS §355.9-309(4). Therefore, no further perfection was required, and any subsequent attempt to record was in addition to Bank One's already perfected interest.

For the reasons stated above, the Court will affirm the Bankruptcy Court on this issue.

## IV. THE BANKRUPTCY COURT DID NOT ERR AS A MATTER OF LAW IN DENYING THE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

The Trustee claims that his interest as a judicial lien creditor is superior to the unperfected interest of Bank One, and further argues that Bank One has violated the provisions of the automatic stay with its attempt to perfect its interest after the filing of the bankruptcy petition. However, the recordation and assignments at issue involved only the creditors' interest in the mortgage and not the debtors' interest in the real property protected in the bankruptcy estate. Therefore, there is no violation of the automatic stay in this action. See, Kapila v. Atlantic Mortgage & Inv. Corp. (In re Halabi), 184 F.3d 1335 (11th Cir. 1999).

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate...only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

11 U.S.C. § 541(d). Therefore, the interest in question is not an interest in the actual real property of the bankruptcy estate, but rather an equitable interest in property that the debtor does not hold. For these reasons, the Court will affirm the Bankruptcy Court's denial of summary judgment for the Trustee.

5

## V. CONCLUSION

Accordingly, having reviewed the Trustee's appeal *de novo*, the Court finds that the Bankruptcy Court did not err as a matter of law. Therefore, the Court being otherwise fully and sufficiently advised, IT IS HEREBY ORDERED that the Order of the United States Bankruptcy Court for the Eastern District of Kentucky entered on November 19, 2004, is AFFIRMED. A judgment shall be entered contemporaneously herewith.

This ____ day of September, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE